IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON ANDRE COX, JR., | : | CIVIL ACTION NO. 1:24-CV-743 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT OF SCI-HOUTZDALE, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2254. Petitioner, Vernon Andre Cox, Jr., challenges the legality of his conviction and sentence for first-degree murder and several other charges in the York County Court of Common Pleas. The petition will be denied.

**I.    Background & Procedural History**

The state courts of Pennsylvania have succinctly summarized much of the relevant procedural history and factual background. On January 15, 2017, Cox asked his codefendant, Leon White, if he could obtain marijuana for him. Commonwealth v. Cox, 231 A.3d 1011, 1014 (Pa. Super. Ct. 2020). White agreed to do so and came to Cox's residence. Id. White then contacted the eventual victim, Ryan Small, to ask if he could purchase the marijuana from him. Id. Small agreed to meet them to sell them the marijuana. Id. As Cox and White waited for Small to arrive, White asked Cox how much money he had, and Cox stated that he had $70. Id. When White told Cox that Small would not sell him marijuana for less than $80, Cox stated that he would take it from Small if Small would not sell it for $70. Id. When Small arrived, Cox went to the driver's side door of Small's car and shot Small. Id. Small drove away and Cox followed him on foot and fired another shot. Id. After being shot

in the torso and groin, Small veered onto another street and crashed his car. Id. He subsequently died from the gunshot wounds. Id.

Cox was charged with murder, and the case went to a jury trial. Id. During the trial, White testified that he witnessed Cox shoot Small. Commonwealth v. Cox, 301 A.3d 872, No. 1061 MDA 2022, 2023 WL 3775298, at *1 (Pa. Super. Ct. June 2, 2023). Evidence at trial also established that the gun used to shoot Small was found in Cox's residence and gunshot residue was found on both Cox's and White's clothing. Id. Two other residents of the house Cox resided in testified that they saw Cox leave the house on the night of the murder and return to the house after hearing Small's car crash. Id. One of those residents, Rayniqua Olds, additionally testified that Cox ran into the house when he returned and asked her if she had seen or heard anything and that he "looked shook up." Id. An individual who shared a jail cell with Cox following the shooting also testified that Cox had told him he shot Small during a robbery. Id. Cox did not testify at trial, but an earlier statement he made to police was introduced as evidence. Id. In the statement, Cox stated that White told him that he was going to rob Small and that after Small crashed his car, White came to his residence and gave him an object wrapped in a knit hat, which Cox took into the house. Id.

At the conclusion of the trial, Cox was convicted of first-, second-, and third-degree murder. Cox, 231 A.3d at 1014. He was subsequently sentenced to life in prison without the possibility of parole. Id. He appealed, arguing that the conviction was against the weight of the evidence, that there was insufficient evidence to convict him, and that the trial court abused its discretion in denying his motion for a mistrial based on one juror hearing about a shooting near the courthouse during the trial. Id. The Pennsylvania Superior Court

affirmed the judgment of sentence on April 22, 2020. Id. at 1020. Cox did not file an additional appeal to the Pennsylvania Supreme Court. Cox, 2023 WL 3775298, at *2.

On December 23, 2020, Cox filed a petition for collateral relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"). Id. Cox argued, *inter alia*, that his trial counsel was ineffective for failing to object to testimony from the Commonwealth's firearms expert concerning the condition of the firearm that was not included in the expert's report and that counsel was ineffective in cross-examining Olds on whether she had seen Cox with the gun in her house. Id. Following an evidentiary hearing, the Court of Common Pleas denied the PCRA petition on June 20, 2022. Id. Cox appealed, and the Superior Court considered the above claims on their merits and denied them. Id. Cox filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on January 17, 2024. Commonwealth v. Cox, 311 A.3d 1006 (Pa. Super. 2024).

Cox filed the instant case on April 25, 2024, and the court received and docketed his petition on May 2, 2024. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner. Respondent responded to the petition on July 18, 2024. (Doc. 13). Cox subsequently informed the court that he had not received the response. (Docs. 15-16). Judge Conner issued multiple orders requiring respondent to provide additional information on whether Cox had been served with the response, but respondent failed to respond to the orders, despite Judge Conner warning that a continued failure to respond could result in the imposition of sanctions. (Docs. 17-18). Cox moved for sanctions on this issue on January 3, 2025. (Doc. 19). The case was reassigned to the undersigned on January

3

21, 2025.[1] On September 22, 2025, the court denied the motion for sanctions without prejudice to considering the issue at a later date, directed the Clerk of Court to serve Cox with an additional copy of the response, and extended the deadline for Cox to file a reply brief. (Doc. 20). Cox timely filed a reply brief on October 10, 2025, making the petition ripe for review. (Doc. 21).

## II. Discussion

Cox's claims were decided on their merits in state court and are accordingly governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

---

[1] The undersigned notes that prior to her appointment to this court, she was employed by Pennsylvania's Office of Attorney General ("OAG"), and that the Attorney General was initially listed as a respondent in this case. Judge Conner dismissed the Attorney General as an improper respondent on May 31, 2024. (Doc. 11). Thus, because the Attorney General has been dismissed from this case and no attorneys from the Attorney General's office have entered an appearance in the case, the court finds that the naming of the Attorney General as a respondent does not require the undersigned to recuse herself from the case pursuant to 28 U.S.C. § 455.

The standard for obtaining habeas corpus relief under AEDPA is "difficult to meet." Mays v. Hines, 592 U.S. 385, 391 (2021) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)). Federal habeas corpus relief is meant to guard against "extreme malfunctions in the state criminal justice systems" and is not meant to substitute for "ordinary error correction through appeal." Harrington, 562 U.S. at 102-03 (citing Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)). "Federal habeas courts must defer to reasonable state-court decisions," Dunn v. Reeves, 594 U.S. 731, 733 (2021), and may only grant habeas corpus relief when the state court's decision "was so lacking in justification" that its error was "beyond any possibility for fairminded disagreement." Mays, 592 U.S. at 391 (quoting Harrington, 562 U.S. at 102). When a claim has been decided on its merits in state court, habeas review is "limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

To obtain habeas corpus relief based on ineffective assistance of counsel, petitioners must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance caused prejudice to the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). Analysis of whether counsel's performance was deficient must be "highly deferential," and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The analysis is "doubly deferential" when a state court has already decided that counsel's performance was adequate. Dunn, 594 U.S. at 739. A high level of deference must be given to both counsel's actions and the state court's determination that counsel's actions

5

were constitutionally adequate. Id.; Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (citing Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003)). Federal habeas relief may only be granted if "*every* 'fairminded jurist' would agree that *every* reasonable lawyer would have made a different decision." Dunn, 594 U.S. at 740 (emphasis in original) (quoting Harrington, 562 U.S. at 101).

Cox's first claim is that his counsel was ineffective for failing to object to testimony from the Commonwealth's firearms expert and the detective who examined the gun. In the relevant portion of the trial, the witnesses testified that the gun that was used to shoot Small was defective because "the forward movement of the slide at its most extreme forward position was a little sluggish," because the recoil spring inside the gun was backwards. Cox, 2023 WL 3775298, at *2. Cox argues that this testimony should have been excluded from trial because the expert's report did not contain any information regarding these defects in the gun, and that his counsel was therefore ineffective for failing to object to this testimony. (Doc. 1 at 5-12). Cox argues that counsel's ineffectiveness caused him prejudice because it bolstered the credibility of his cellmate, who testified that Cox told him the gun jammed a lot. (Id.)

The Superior Court considered this claim on its merits and denied it. The court concluded that counsel had no reasonable basis not to object to the testimony, but concluded that Cox's claim failed because he did not establish that he suffered prejudice. Cox, 2023 WL 3775298, at *3. The court noted that even if counsel had objected, Cox had not shown that the objection would have resulted in exclusion of the testimony because Pennsylvania Rule of Evidence 573 "does not require automatic exclusion of evidence of all testimony by an expert that was not included in his report; rather, it provides that the trial

court with a variety of options to address the situation." Id. Although exclusion of testimony was a sanction that could be imposed for failure to comply with Rule 573, the court held that it was not clear that such a sanction would have been imposed even if counsel had successfully objected to the relevant testimony. Id.

The court further concluded that there was no reasonable probability that excluding the testimony would have altered the result of the trial. Id. at 4. The court noted that "the only possible effect of excluding the expert's testimony on the defect in the gun would be to make the cellmate's testimony less credible." Id. The court noted, however, that the cellmate's testimony was not the primary evidence of Cox's guilt. Id. "Even if the cellmate's testimony were disregarded in its entirety," the court explained, "the evidence of Appellant's guilt was overwhelming." Id. The court noted that given White's eyewitness testimony that Cox shot Small, the testimony of the two witnesses that observed Cox return to his residence after the shooting, and the physical evidence of the gunshot residue on Cox's clothing and the gun being found at his house, "there is not a reasonable probability that exclusion of an item of non-inculpatory evidence that only affected the credibility of the cellmate's testimony would have resulted in a different verdict." Id.

The Superior Court's conclusion is reasonable and is neither contrary to federal law nor an unreasonable application of federal law. To begin with, this court must defer to the Superior Court's conclusion that under state law, Cox did not show that counsel objecting would have resulted in exclusion of the relevant testimony under Pennsylvania Rule of Evidence 573. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." (citing Estelle v. Maguire, 502 U.S. 62, 67-68

7

(1991))). The Superior Court's additional conclusion that Cox did not establish prejudice because the other evidence of his guilt was overwhelming is also a reasonable conclusion that is not contrary to Strickland and its progeny. Accordingly, the court must defer to the state court's ruling and deny this claim for habeas relief.

Cox's second and final claim asserts that his counsel was ineffective in cross-examining Olds on whether she had seen Cox with a gun in her house. (Doc. 1 at 12-18). On direct examination, Olds testified that she had never seen anyone with a gun in her house, which resulted in the following exchange on cross-examination:

> Q.    And you indicated that you never saw anyone in the house with a gun before. Did you ever see my client with a gun?
> A.    Yes.
> Q.    You saw him with a gun before?
> A.    Mm-hmm.
> Q.    In the house?
> A.    Yes.
> Q.    Okay. So were you lying before when you said you never saw anyone in the house with a gun?
> A.    No.

(Trial Transcript at 308; Doc. 13-1 at 345). Cox argues that this cross-examination constitutes ineffective assistance of counsel because counsel should not have asked Olds whether she had seen Cox with a gun in the house, and that, upon Olds giving that testimony, counsel should have conducted further cross-examination to impeach her testimony. (Doc. 1 at 12-18).

During the PCRA evidentiary hearing, counsel stated that she asked Olds whether she had seen Cox with a gun because she expected Olds to say that she had not, which would have helped Cox's case. (PCRA transcript at 16, 25, 28-29; Doc. 13-1 at 734, 743, 746-47). Counsel testified that she did not make any further attempts to impeach Olds because she could not predict what Olds would say in subsequent answers and that

8

additional testimony could have caused further damage to Cox's case. (PCRA transcript at 26; Doc. 13-1 at 744). Based on this testimony, both the Court of Common Pleas and the Superior Court held that counsel had not acted unreasonably because she had a strategic basis for her questioning and her decision not to attempt additional impeachment. 2023 WL 3775298, at *5. The Superior Court additionally concluded that Cox could not establish prejudice. Id. The court noted that Olds's testimony only established that Cox possessed a gun in her house at one point in time. Id. The court held that in light of the other evidence at trial, this testimony did not have a significant effect on the verdict. Id. Finally, the court noted that the testimony was duplicative of other evidence and testimony establishing that Cox possessed a gun. Id.

      The Superior Court's conclusion is reasonable and not contrary to clearly established federal law or an unreasonable application of clearly established federal law. As the court noted, counsel clearly had a reasonable strategic basis to ask Olds whether she had seen Cox with a gun and to limit the attempt to impeach Olds after her affirmative answer to that question: counsel believed that Olds would testify that she had not seen Cox with a gun, and after she testified that she had, counsel was simply seeking to limit the damage from that testimony. Furthermore, the court's conclusion that Cox did not suffer prejudice is a reasonable application of Strickland given the facts of this case. The court accordingly finds this argument for habeas relief unavailing.

## III.    Conclusion

      The petition for writ of habeas corpus is denied. A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. Buck v. Davis,

580 U.S. 100, 115 (2017) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). An appropriate order shall issue.

                                                                          /S/ KELI M. NEARY  
                                                                          Keli M. Neary  
                                                                          United States District Judge  
                                                                          Middle District of Pennsylvania

Dated:     October 17, 2025